

ENTERED
07/25/2017

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **In re** | § | |
| **GLOBAL GEOPHYSICAL SERVICES, LLC** | § | Case No. 16-20306 |
| Debtor. | § | Chapter 11 |
| Tax ID: 47-2327582 | § | |
| **In re** | § | |
| **GLOBAL GEOPHYSICAL SERVICES, INC.** | § | Case No. 16-20307 |
| Debtor. | § | Chapter 11 |
| Tax ID: 05-0574281 | § | |
| **In re** | § | |
| **GLOBAL GEOPHYSICAL EAME, INC.** | § | Case No. 16-20308 |
| Debtor. | § | Chapter 11 |
| Tax ID: 27-3672130 | § | |
| **In re** | § | |
| **GGS INTERNATIONAL HOLDINGS, INC.** | § | Case No. 16-20309 |
| Debtor. | § | Chapter 11 |
| Tax ID: 20-5702420 | § | |

| | | |
|---|---|---|
| In re | § | |
| | § | |
| GLOBAL GEOPHYSICAL (MCD), LLC | § | Case No. 16-20310 |
| | § | |
| Debtor. | § | Chapter 11 |
| | § | |
| Tax ID: (Disregarded Entity for Tax Purposes) | § | |
| | § | |
| In re | § | |
| | § | |
| GLOBAL AMBIENT SEISMIC, INC. | § | Case No. 16-20311 |
| | § | |
| Debtor. | § | Chapter 11 |
| | § | |
| Tax ID: 27-3362256 | § | |
| | § | |
| In re | § | |
| | § | |
| AUTOSEIS, INC. | § | Case No. 16-20305 |
| | § | |
| Debtor. | § | Chapter 11 |
| | § | |
| Tax ID: 26-0265224 | § | |
| | § | |
| In re | § | |
| | § | |
| AUTOSEIS DEVELOPMENT COMPANY | § | Case No. 16-20312 |
| | § | |
| Debtor. | § | Chapter 11 |
| | § | |
| Tax ID: 27-4169066 | § | |

**FINAL DECREE (I) CLOSING THE CHAPTER 11 CASES AND
(II) TERMINATING CERTAIN CLAIMS AND NOTICING SERVICES**

Upon the motion (the "<u>Motion</u>")[1] of the above-captioned debtors (collectively, the "<u>Liquidating Debtors</u>") for entry of a final decree (the "<u>Final Decree</u>") closing these chapter 11

---

[1] Capitalized terms not defined herein shall have the meaning given the Motion.

2

cases and terminating certain claims and noticing services, all as more fully set forth in the Motion; and the Court having found that it has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding under 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Liquidating Debtors' estates, their creditors, and other parties in interest; and the Court having found that Liquidating Debtors' notice of the Motion and the opportunity for a hearing on the Motion was appropriate under the circumstances and no other notice need be provided; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

It is hereby ORDERED that:

1. The Motion is granted.

2. The following chapter 11 cases are hereby closed:

| Debtor | Case No. |
|---|---|
| Global Geophysical Services, LLC | 16-20306 |
| Global Geophysical Services, Inc. | 16-20307 |
| Global Geophysical EAME, Inc. | 16-20308 |
| GGS International Holdings, Inc. | 16-20309 |
| Global Geophysical (MCD), LLC | 16-20310 |
| Global Ambient Seismic, Inc. | 16-20311 |
| Autoseis, Inc. | 16-20305 |
| Autoseis Development Company | 16-20312 |

3. The Liquidating Debtors shall, on or before thirty days after entry of this Final Decree: (a) pay all fees due and payable pursuant to 28 U.S.C. § 1930(a)(6); and (b) serve copies of all post-confirmation reports on the U.S. Trustee. Entry of this Final Decree is without

prejudice to the rights of the U.S. Trustee to move to reopen these chapter 11 cases to seek appropriate relief in the event of an unresolved dispute over the payment of fees pursuant to 28 U.S.C. § 1930(a)(6) or the post-confirmation report.

4. The Claims and Noticing Services are terminated in accordance with the Motion upon the completion of the services listed in paragraph 5 below. Thereafter, Prime Clerk shall have no further obligations to this Court, the Liquidating Debtors, or any other party in interest with respect to the Claims and Noticing Services in these chapter 11 cases.

5. Within thirty days of entry of the Final Decree, Prime Clerk will (a) forward to the Clerk of the Court an electronic version of all imaged claims, (b) upload the creditor mailing list into CM/ECF, (c) docket a Final Claims Register in the lead case containing claims of all cases, and (d) Prime Clerk will also box and deliver all original claims to the Federal Archives Record Administration. Should Prime Clerk receive any mail regarding the Liquidating Debtors after entry of this Final Decree, Prime Clerk shall collect and forward such mail no less frequently than monthly.

6. The Liquidating Debtors and their agents are authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Decree in accordance with the Motion.

7. Notwithstanding anything to the contrary, the terms and conditions of this Final Decree shall be immediately effective and enforceable upon its entry.

8. The Liquidating Debtors reserve the right to reopen the case to accord relief to the Liquidating Debtors, or for other cause.

9. Nothing in the Motion or this Order shall prejudice the right of the Liquidating Debtors or Westchester Fire Insurance Company ("Westchester") to move to reopen these cases

under 11 U.S.C. § 350(b) and involve the Court as may become necessary or appropriate in connection with Claim No. 118.  The Liquidating Debtors and Westchester reserve all of their respective rights, claims, and defenses in connection with Claim No. 118, including without limitation the validity, amount, priority, and allowance of the Claim.  The Westchester Reserve, as defined in the Confirmation Order, will remain in place pursuant and subject to the terms of paragraph 34 of the Confirmation Order.  The deadline by which the Liquidating Debtors may file an objection to Claim No. 118 is hereby extended indefinitely.

10. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Final Decree.

**Signed:  July 21, 2017.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**